No. 15-2316

UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

THERESA A. JOHNSON,
Plaintiff-Appellant,

v

BEACH PARK SCHOOL DISTRICT #3,
Defendants-Appelle

U.S.C.A. — 7th Circuit
RECEIVED
DEC 10 2015  #1
GINO J. AGNELLO
CLERK

Appeal From The United States District Court
For The Northern District of Illinois, Eastern Division

Case No. 12-CV-5068

THE HONORABLE JUDGE SARA L. ELLIS

REPLY BRIEF OF THE PLAINTIFF-APPELLANT

Submitted by
PRO SE Attorney

Theresa A. Johnson

3329 Chatham Road
Waukegan, Il. 60087-2124
847-244-6066

U.S.C.A. — 7th Circuit
FILED
DEC 10 2015
GINO J. AGNELLO
CLERK

TABLE OF CONTENTS

Plaintiff's REPLY BRIEF to the Defendants    1 - 7

Office Max Receipt                           8

Certificate of Mailing                       9

Notice of Filing                             10

PLAINTIFF'S RESPONSE TO DEFENDANTS" BRIEF

SUMMARY JUDGMENT DECISION

The Plaintiff requested a new Judge, but it was denied. The Plaintiff always believed the HONORABLE JUDGE was biased and in favor of the Defendants  The Plaintiff believes she demonstrated more than one Prima Facie during SUMMARY JUDGMENT DECISION.

The Plaintiff was failed by the U.S. DISTRICT COURT OF SUMMARY JUDGMENT FOR THE DEFENDANTS.

The U.S. DISTRICT COURTS has supervising responsibilities to over see School Officials as they proceed with good faith implementation to desegrate schools, Substitutes to be desegregated immediately, 61 years ago.

The U.S. DISTRICT JUDGES are aware of BROWN I and BOWWN II. The HONORABLE JUDGE IN THE U.S. DISTRICT COURT did not COMPEL DEFENDANTS TO COMPLY, if so it was at the end of Discovery, and time was of the essence, if at all. A Right to Sue should have been a Clue since RACISM was the charge.

When the U.S. District Honorable Court Judge asked, or told them to give Plaintiff documents, they were FALSE. The Defendants involved Carol Strykowski Shoemaker, and Principal Bienermann, whom had not taught at Beach Park since since 2007-8 or the Principal made no hiring decisions.

The HONORABLE JUDGE stated that she would not help Plaintiff, even though Plaintiff was a Pro Se Attorney. However, the HONORABLE JUDGE did not help me, but it was always advantageous for the Defendants.

The HONORABLE JUDGE GAVE no Orders to Comply, so there would be no Evidence, in Plaintiff's opinion. The Main Witness, Megan Bratz was not Depositioned, or had to complete written form of questions, the JUDGE approved, and then denied.

The Defendant's Attorneys or someone in their office contacted Plaintiff's subpoenaed witness, Kathy Spillman before the Deposition, and questioned her about the case, which Plaintiff believes is illegal, and if not unethical, or sanctions should be given by THE HONORABLE COURT OF APPEALS.

The HONORABLE JUDGE did not sanction the Defendants for giving false information, violation Rule 37.2 and LR 56.1 or LR 56 Rules. However, the HONORABLE JUDGE sanctioned a disabled person with a limited income to pay for Plaintiff's own deposition, and lose $150.00 ON OUT OF STATE TRAVEL FOR Ms. Spillman

The Defendants have lied or misled the Court to think that they have destroyed files maintained by AESOP.

The Defendants have went so far to mislead or lie to the HONORABLE JUDGES that Shelly Adams Administrator (Human Resources) is not a part of this Suit, which I still deny.

The HONORABLE JUDGE set Plaintiff up legally to fail by ordering the Defendants to complete a Protective for me, rather than Plaintiff, and Pro Se Staff complete the form. Plaintiff never received this information, and it is and was due before Discovery.

The Defendants received no Sanctions for having Witness, Shelly Adams into the deposition to hear others testimony, until Plaintiff called the H NORABLE JUDGE TO GET Shelly Adams to exit deposition of 2-3 other employees. The Attorneys knew this was illegal, or highly unethical.

This Case should become U.S. DISTRICT V. BEACH PARK SCHOOL DISTRICT #3.

This is exactly why the Plaintiff has NO CONFIDENCE in the SUMMARY JUDGMENT. In addition, the Defendants have not responded to the complaint made in Plaintiff's Brief. Beach Park has hired no handicapped employees from 2007 - 2011-12, over the age of 55 from 2011-12, Employment Duscrimination from 2007-2011-12, Civil Rights, and Constitutional Rights, and Retaliation. IF the COURT OF APPEALS looked at the History of Beach Park School District # 3 on Minorities, especially African-Americans as Substitutes or Teachers, it would still be the same 2% per cENT OR LESS, IN Plaintiff's opinion and beliefs.

The U.S. DISTRICT COURT failed the Plaintiff, PRO Se, by denying the same legal rights as a licensed practicing Attorney

The SUMMARY JUDGMENT DECISION is incorrect and incomplete. The Main Witnesses are missing. They are Megan Bratz, and Kathy Spillman. Megan Bratz has not testified, and Kathy only allowed to answer ten question. Both these women need to be put under oathIt will answer questions about race, age, education, disabilities, experience, certified or non-certified, and does she live in Lake County or Wisconsin, or another county.

The SUMMARY DECISION DECISION IS INCOMPLETE AND INCORRECT. The Plaintiff requested a Jury Trial, unless SUMMARY JUDGMENT IS VOIDED, AND ISSUED IN PLAINTIFF'S FAVOR.

The Plaintiff will clarify statements that are untrue or leave the impression they are untrue, or invalid.

The DEfendant's Brief IV.   JURISDICTIONAL STATEMENT (Pg. !)

   A.   The Plaintiff's JURISDICTIONAL STATEMENT in on Pg. 2 (§ 1291).

Shelly Adams' Deposition is on file with the HONORABLE COURT OF APPEALS, AND REFERRING TO THAT DOCUMENT IS MORE CREDIBLE THAN than the sentences by the Defendants' Attorney on pages in their Briefs.

The Defendants knowing Plaintiff was not an Attorney kept hedging me to answer (pg.6- 1st. paragraph). I kept telling Attorney that I did not want to answer that question, and Plaintiff had no Attorney. This statement is based on hearsay and is not considered a part of this case. Defendants never gave the Plaintiff a chance to review her deposition, because that statement would have been voided. The Attorney was intimidating Plaintiff saying he would tell the HONORABLE JUDGE Plaintiff was uncooperative. It was an ultimatium to give an answer, which I did not

4

want to. It was hear say, and I couldn't tell you one person that Plaintiff can identify as saying such.

The Attorney did not complete the statement on the ADA Law. The Plaintiff told or informed Shelly Adams of the definition of the ADA Law since she did not know it. In essence, Plaintiff stated if 2 qualified applicants applied for the same position and one is disabled, and the other is not disabled, the preference goes to the disabled person. Plaintiff never stated that any disabled person takes preference over any employee.

The Defendants states in the last paragraph of page 6, that retaliation occurred because Johnson was asked for her college transcripts. The Shelly Adams' Deposition will state that Johnson question why Adams only wanted one transcript from the University of Wisconsin, rather than all the Colleges. Plaintiff felt some racial and inappropriate behavior from Shelly Adams.

In 2007-8, the Plaintiff did not want to deal or teach in a school that promoted racism and discrimination in hiring. There- Plaintiff Substituted for two local school districts, because Substitutes were and are still IN DEMAND.

The Defendants are upset because Plaintiff used the word "DESEGRATION". The Plaintiff is using that definition because 2 Qualified African-American Substitutes were not hired when there were vacancies. The Hiring of out of state non-certified and certified White Substitutes to avoid hiring Minorities, especially African-Americans. The Definition fits, along with the 2% hiring of African-American Teachers or Substitutes.

5

The "Pretextes" by the Defendants pertaining to application procedures is false. Kathy Spillman and Plaintiff went to the Zion Library on the same date approximately August 27, 2011 We and the Male Librarian could not access ASEOP. Plaintiff was treated differently than other Substitutes due to Race. Plaintiff was given nothing in writing such as the proper web site number.

The Plaintiff's application was NEVER ACTIVATED" in 2011. The Defendants are using a disabled, senior, as a scapegoat for their discriminatory practices.

The Defendants are not EQUAL OPPORTUNITY EMPLOYERS as stated in the ir Minority Recruitment Statements.

The Plaintiff has been disabled with Fibromyalgia since 1993. However, Teaching or Substitutes compliment Plaintiff's disability. All Plaintiff's medical records on file. Shelly Adams knew Plaintiff was disabled, and has admitted it in her deposition, on file, with this Court Fibrbomyaliia is a disability in the 7th Seventh, and the Teacher Retirement System.

The Manuel of Fibromyalgia Exhibit already on file with this court specifies how this disease limits major life activities. (The Plaintiff was diagnosed in 1993 with Fibromyalgia in 1993, and went on disability in 1955).

The Record is devoided of evidence because the HONORABLE MAGISTRATE SOAT_BROWN STRIPPED 18 of 23 questions on RACE, Sign-in sheets and personnel are supposebvy destroyed, and HONORABLE JUDGE DID NOT MAKE DEFENDANTS COMPEL IN TIME. The Defendants destroyed the evidence, but will not say the dates and purpose documents destroyed,     an illegal    occurred.

6

The Plaintiff have presented genuine issues of fact to the E.E.O.C., and the US. DISTRICT COURT, and disagree with the Defendants' statements on pg. 13, paragraph 2 and 3)

We had a SETTLEMENT CONFERENCE that could not be dissolved because Defendants misled Attorneys by saying I never applied, or not giving them Discovery Documents needed to judge both sides of the issue. During the SETTLEMENT CONFERENCE, the Plain- is the only one asked questions, never the Defendants.

Submitted by
Pro Se Attorney,
Theresa A. Johnson
December 10, 2015

3329 Chatham Rd.
Waukegan, IL.
60087-2124

```
                            COPY ACTIVITY REPORT
                    MACHINE SERIAL NUMBER: XKK021501

DATE: 12/10/15
TIME: 09:33 WP AM
TOTAL MARKED IMAGES START: 2010
                   FINISH:  2047

------------------------------------------------------------------
                |     MONOCHROME COPIES MADE    |   FULL COLOR COPIES MADE
 PAPER SIZE     |  SINGLE-SIDED | DOUBLE-SIDED  |  SINGLE-SIDED | DOUBLE-SIDED
------------------------------------------------------------------
                |               |               |               |
 8.5 X 11       |      36       |      0        |      0        |      0
------------------------------------------------------------------
**************** PLEASE BRING THIS REPORT TO THE CASHIER ****************
```

We do not carry grey finders

8

**Office DEPOT.**

clear
**report cover**
**with swing clip**

couverture de rapport transparent
avec fermeture à charnière

HS&P
Viability in the
global marketplace

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 15-2316

CERTIFICATE OF MAILING

The Plaintiff, Theresa A. Johnson will mail REPLY BRIEF TO Defendants after the COURT OF APPEALS HAVE STAMPED WITH DATE. The Plaintiff will then mail 2 copies to the following by U.S. Mail on Friday, December 11, 2015.

>Scariano, Himes, and Petrarca
>Two Prudential Plaza
>Suite 3100
>180 North Stetson
>Chicago, Illinois 60601-6714

The Reply Brief contains 8 pages.

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

No. 15-2316

NOTICE OF FILING

　　The Plaintiff, Theresa A. Johnson presents a NOTICE OF FILING OF REPLY BRIEF. It will be mailed to Scariano, Himes, and Petrarca after stamped by the Court on December 10, or 11th by U.S. Mail.